UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORDLWIDE AIRCRAFT SERVICES, INC.,

    Plaintiff,

v.   Case No. 8:24-cv-2720-VMC-SPF

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Aetna Life Insurance Company's Motion to Dismiss Complaint (Doc. # 28), filed on February 24, 2025. Plaintiff Worldwide Aircraft Services, Inc. responded on March 19, 2025. (Doc. # 37). For the reasons that follow, the Motion is granted and this case is dismissed with prejudice.

**I.   Background**

Worldwide initiated this lawsuit against Aetna on November 21, 2024. (Doc. # 1). The complaint alleges three counts: Theft of Services under Florida Statute § 772.11(1). (Count One); Conversion under Florida common law (Count Two); and Quantum Meruit under Florida common law (Count Three). (Id.).

1

Aetna provided health insurance coverage to M.N. (Id. at 3). On or about November 28, 2019, M.N. suffered an emergency condition, leading M.N.'s treating physician to find that M.N. required immediate air medical transport from Belize to Tampa, Florida. (Id.).

As alleged in the complaint, Worldwide does business as JET ICU. (Id. at 1). JET ICU is licensed by the State of Florida to provide air ambulance services. (Id. at 5). JET ICU provided two ground ambulance transports and one air ambulance transport to M.N. (Id. at 3-4). JET ICU billed $232,701, but AETNA paid only $930 for each ground ambulance transport and $15,284.39 for the air ambulance transport. (Id.). JET ICU did not have a pre-negotiated plan with AETNA, nor was it a part of AETNA's provider network. (Id.). JET ICU represents that the amount it charged to AETNA was its usual and customary rate. (Id.).

JET ICU claims that "AETNA or its agent(s) knew, or reasonably should have known about the need to transport [M.N.], and that such ground and air ambulance care was covered by [M.N.'s] insurance." (Id. at 4). JET ICU also claims that Aetna knew that they did not have a pre-negotiated contract, and that JET ICU was not in its provider network. (Id.). JET ICU alleges that Aetna knew that it "would charge

its usual and customary rate for services rendered to [M.N.]." (Id.).

Aetna now moves to dismiss the case. (Doc. # 28). Worldwide has responded (Doc. # 37), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

3

consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Generally, an affirmative defense like federal preemption of state law will not be grounds to dismiss a complaint. Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), aff'd, 764 F.2d 1400 (11th Cir. 1985). However, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." Id. Thus, a Rule 12(b)(6) dismissal is proper if "the defense clearly appears on the face of the complaint." Id.

### III. Analysis

Aetna raises three independent reasons why this lawsuit should be dismissed. (Doc. # 28 at 2). First, Aetna claims that all three counts are preempted by the Airline Deregulation Act (the "ADA"). (Id.). Second, it claims that all three counts are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Id.). Third, Aetna claims that the three counts are barred by the statute of limitations or otherwise prohibited under Florida law. (Id.). The Court finds that Counts One and Two are preempted by the

ADA. The Court finds that Count Three is barred by the statute of limitations. As the Court finds that all counts are either preempted or barred, it does not reach the question of whether ERISA preemption applies.

**A. Preemption under the ADA**

Worldwide brings each of its claims under state law. (Doc. # 1 at 5, 9, 13). Aetna asserts that the ADA preempts all claims under state law. The ADA was enacted to "promote 'efficiency, innovation, and low prices' in the airline industry through 'maximum reliance on competitive market forces and on actual and potential competition.'" Nw., Inc. v. Ginsberg, 572 U.S. 273, 280 (2014) (quoting 49 U.S.C. §§ 40101(a)(6), (12)(A)). "To ensure that the States would not undo federal deregulation with regulation of their own, the ADA included a pre-emption provision, prohibiting the States from enforcing any law 'relating to rates, routes, or services' of any air carrier." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378-79 (1992) (quoting 49 U.S.C. § 1305(a)(1)). "This Court must interpret the ADA's preemption provision broadly, encompassing 'state enforcement actions having a connection with or reference to airline rates, routes, or services.'" Worldwide Aircraft Servs. Inc.

5

v. Connecticut Gen. Life Ins. Co., 749 F. Supp. 3d 1204, 1210 (M.D. Fla. 2024) (quoting Morales, 504 U.S. at 384).

To determine if the Florida statutory and common law claims are preempted by the ADA, the Court must determine if Worldwide is an "air carrier" and if the Florida statutes are "related to a price over which air carriers compete." Id. The Court evaluates whether the ADA preempts each count in turn.

i. **Count One**

The Court finds that Worldwide is an "air carrier" under the ADA. The ADA defines an "air carrier" as "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation." 49 U.S.C. § 40102(a)(2). "Air transportation" is defined as "foreign air transportation, interstate air transportation, or the transportation of mail by aircraft." 49 U.S.C. § 40102(a)(5). As alleged in the complaint, Worldwide "provides air transport, via fixed-wing jet aircraft" and provided transport for M.N. from Belize to the United States. (Doc. # 1 at 2, 3). Worldwide is an air carrier under the ADA because it provides foreign air transportation. Moreover, many courts in this District and nationwide have reached the same conclusion that air ambulance providers are air carriers under the ADA. Worldwide Aircraft, 749 F. Supp. 3d at 1210;

Air Evac Ems v. Sullivan, 8 F.4th 346, 352 (5th Cir. 2021); Air Evac EMS, Inc. v. Cheatham, 910 F.3d 751, 766 (4th Cir. 2018).

Worldwide alleges that Aetna committed a theft of services in violation of Florida Statute § 772.11(1). (Doc. # 1 at 5-9). The Court must determine if this statute is "related to a price over which air carriers compete." Worldwide Aircraft, 749 F. Supp. 3d at 1210. "A law 'relate[s] to a price, route, or service' if it has 'a connection with, or reference to' an air carrier's prices, routes, or services." Id. at 1211 (quoting Ginsberg, 572 U.S. at 280). "Because the phrase 'related to' expresses a 'broad pre-emptive purpose,' '[s]tate enforcement actions having a connection with or reference to airline rates, routes, or service are preempted' under the ADA." Id. (quoting Morales, 504 U.S. at 383-84). "Whenever a state law has 'the forbidden significant effect' on the prices of an air carrier, the ADA preempts that law." Bailey v. Rocky Mountain Holdings, LLC, 889 F.3d 1259, 1262 (11th Cir. 2018) (quoting Morales, 504 U.S. at 388).

Here, Worldwide is seeking to apply a state law to adjudicate a dispute over the price Aetna should pay for its services, claiming that Aetna should pay it over $230,000

while Aetna asserts it only needs to pay about $16,000. (Doc. # 1 at 6-9). Indeed, Worldwide alleges that its demanded amount "constitutes the reasonable and customary value of the services provided. AETNA has and continues to refuse to pay for the reasonable value of these services." (Id. at 9). Thus, Worldwide's pleadings make it plain that this is a dispute over pricing for its services. The Court concludes that this count brought pursuant to Florida Statute § 772.11(1) is preempted by the ADA. See Worldwide Aircraft, 749 F. Supp. 3d at 1211 (finding that Florida Statute § 772.11(1) is preempted by the ADA when it was being used as "a state enforcement action . . . to dictate the reimbursement amount an air ambulance provider can receive").

In an attempt to negate the conclusion that preemption is proper, Worldwide raises multiple arguments. Each argument falls short.

First, Worldwide argues that the relationship between the parties dictates that the ADA's preemption clause should not be applied in this context. In support, Worldwide cites Ginsberg, 572 U.S. at 284-85, in which the Supreme Court held that a breach-of-contract claim between an individual and an airline may not be preempted, and Amerijet International, Inc. v. Miami-Dade County, 627 F. App'x 744, 750 (11th Cir.

2015), in which the Eleventh Circuit held that the ADA does not preempt airlines from having to comply with local minimum wage laws. But Worldwide misses the key distinction drawn in each case.

Ginsberg only held that the breach-of-contract claim could proceed if it was an implied-in-fact contract, rather than an implied-in-law contract, because an implied-in-law contract "must be regarded as a state-imposed obligation." 572 U.S. at 286. Count One is not a breach-of-contract claim at all, such that Ginsberg is inapplicable. Amerijet turned on the "services at issue" in the case, finding that wage laws were not related to a "service" under the ADA. 627 F. App'x at 749. Unlike Amerijet, this case turns on the prices air carriers charge, rather than their services. See Worldwide Aircraft, 749 F. Supp. 3d at 1212 ("The Amerijet court only addressed whether Miami's living wage ordinance for cargo handlers was related to a service under the ADA, not the price charged by an air carrier." (internal quotations omitted)); Roman v. Spirit Airlines, Inc., No. 0:19-cv-61461-RAR, 2020 WL 255202, at *5 (S.D. Fla. Jan. 14, 2020) ("[T]he ADA clearly establish[es] that state enforcement actions related to the prices charged by airlines are preempted."). Thus, the Court concludes that the exemptions to ADA

9

preemption from Ginsberg and Amerijet are inapplicable to this case.

Second, Worldwide argues that the Court needs to consider Congress's intent in formulating the preemption clause. Worldwide cites to New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Company, 514 U.S. 645, 656 (1995), which interpreted the limits of ERISA's preemption clause in terms of what it means to "relate[] to" an employee benefit plan, and looked to legislative intent for guidance. Worldwide claims that the Court needs to take the same approach in determining what it means to relate to a price, route, or service as Travelers did in determining whether a state law relates to an employee benefit plan. (Doc. # 37 at 6). However, Travelers interpreted ERISA, and the Court finds no indication, not even in dicta, that the Supreme Court intended for its approach to interpreting the preemption clause in ERISA to be the universal standard for interpreting preemption clauses. Thus, the Court is unpersuaded that it needs to turn to legislative intent to analyze preemption under the ADA.

Regardless, the Court notes that even if it did look to legislative intent, Worldwide has failed to present any persuasive evidence. Worlwide argues that "Congress' intent

10

was in protecting air carriers from governmental regulation," and that Aetna's Motion fails to explain how this lawsuit "constitutes enactment or enforcement by a State related to Jet ICU's price, route, or service." (Doc. # 37 at 6). But Worldwide cites to no legislative history or other indicia that this was Congress's intent. Notably, other courts have reached the opposite conclusion that Congress intended for the preemption clause to cover this type of lawsuit. See Worldwide Aircraft, 749 F. Supp. 3d at 1212 ("The ADA's legislative history demonstrates Congress intended to comprehensively preempt state regulation of interstate air transportation."); Air Evac EMS, Inc. v. Sullivan, 331 F. Supp. 3d 650, 663-64 (W.D. Tex. 2018) ("[T]he discussion regarding air ambulances indicates Congress, at the very least, knew of the air ambulance industry when it considered the ADA and declined to fashion an exemption from the federal preemption provision."), aff'd, 8 F.4th 346 (5th Cir. 2021).

Lastly, Worldwide argues that the Court should not rely upon the recent Middle District of Florida decision Worldwide Aircraft, in which Worldwide was also the plaintiff and alleged that the insurance company-defendant failed to fully pay for air ambulance transportation. In that decision, the court held that the ADA preempted Worldwide's claims for theft

11

of services and quantum meruit. 749 F. Supp. 3d at 1208-09. Worldwide alleges that the order was improperly decided, notes that it is currently on appeal, and urges the Court to view it as unpersuasive. (Doc. # 37 at 10-11). The Court disagrees, as it has cited the well-reasoned decision throughout this order. The Court finds that the court in <u>Worldwide Aircraft</u> astutely analyzes the ADA and relevant state statutes, and accurately applies the relevant precedents - many of which the Court has seen fit to rely upon in this order. In so far as the arguments Worldwide raises in this case were not raised in the prior case, the Court has found a wealth of other precedents to negate those arguments as well. Thus, the Court sees no basis to conclude that the decision in <u>Worldwide Aircraft</u> should be disregarded.

In short, the ADA preempts Florida Statute § 772.11(1), which is the basis for Count One. (Doc. # 1 at 5-9). Accordingly, the Court dismisses Count One with prejudice, and will not grant leave for Worldwide to amend its complaint because amendment would be futile. See <u>Boyd v. Warden, Holman Corr. Facility</u>, 856 F.3d 853, 864 (11th Cir. 2017) ("An amendment is considered futile when the claim, as amended, would still be subject to dismissal."); <u>Worldwide Aircraft</u>,

12

749 F. Supp. 3d at 1213 ("[T]he Court finds ADA preemption clearly appears on the face of the complaint and preempts Florida Statute § 772.11(1) from being used by Jet ICU to obtain reimbursement from Cigna. Because no such claim is amenable to be cured, Count I is dismissed with prejudice." (internal quotations and citations omitted)).

### ii. Count Two

In Count Two, Worldwide brings a state common law claim for conversion. (Doc. # 1 at 9-13). Like Count One, Count Two is a "dispute over the rate of payment." (Id. at 11). Thus, the analysis for Count Two is largely the same as for Count One.

As already explained, Worldwide is an "air carrier" under the ADA because it "provides air transport, via fixed-wing jet aircraft" and provided transport for M.N. from Belize to the United States. (Doc. # 1 at 2, 3). The conversion claim's focus on a pricing dispute similarly dictates that preemption by the ADA is appropriate. See Bailey, 889 F.3d at 1262 ("Whenever a state law has 'the forbidden significant effect' on the prices of an air carrier, the ADA preempts that law." (quoting Morales, 504 U.S. at 388)). ADA preemption applies to common law claims just as it applies to statutory claims. See Ginsberg, 572 U.S. at 281 ("[S]tate common-law

13

rules fall comfortably within the language of the ADA pre-emption provision.").

Therefore, the ADA preempts Worldwide's common law claim of conversion. The Court dismisses Count Two with prejudice.

### iii. Count Three

In Count Three, Worldwide asserts a claim based on quantum meruit. (Doc. # 1 at 13). Aetna claims that Count 3 is preempted by the ADA as an implied-in-law claim.

The ADA's preemption clause "allows room for court enforcement of contract terms set by the parties themselves." Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 222 (1995). "Prior federal courts are split on whether a quantum meruit claim is an implied-in-fact contract or an implied-in-law contract." Worldwide Aircraft, 749 F. Supp. 3d at 1213-14. "This distinction may be relevant since some district courts have found that implied-in-fact contracts are not preempted by the ADA . . . . On the other hand, courts have been unanimous in finding that implied-in-law contract claims are preempted by the ADA because they are inherently predicated on the lack of a contract and thus involve a state-imposed obligation." Id.

Upon reviewing Count Three, the Court is unsure whether Worldwide is claiming that an implied-in-fact or implied-in-law contract existed. Worldwide alleges that it "did not have

14

a pre-negotiated contract with the AETNA and was not part of [the] provider network." (Doc. # 1 at 16). It alleges further that Aetna "knew or should have known" about the lack of a pre-negotiated contract and that Worldwide was not in its provider network, such that Worldwide "would charge its usual and customary rate for services rendered to Patient." (Id.). Worldwide may be trying to argue that a contract could be implied-in-fact from Aetna's awareness that it would charge its normal rates. See Worldwide Aircraft Servs., Inc. v. United Healthcare Ins. Co., No. 8:18-cv-2549-SCB-TGW, 2018 WL 6589838, at *5 (M.D. Fla. Dec. 14, 2018) ("If implying a reasonable price simply enforces the intent of the parties, then such is not preempted by the ADA.").

To prove the existence of an implied-in-fact contract, Worldwide would need to show that Aetna assented to the contract. See Rhythm & Hues, LLC v. Nature's Lawn Care, Inc., 368 So. 3d 12, 15 (Fla. 4th DCA 2023) ("A key distinction between contracts implied in fact and contracts implied in law is that while contracts implied in fact . . . require the assent of the parties, contracts implied in law do not require such assent." (internal quotations omitted)). As currently pled, Worldwide does not allege that Aetna assented to the contract. See Worldwide Aircraft, 749 F. Supp. 3d at 1215

("Plaintiff must allege sufficient facts to show that Cigna 'assented' to the benefit given by Jet ICU as demonstrated by their conduct."). Accordingly, Count Three does not adequately allege a claim that fits into the narrow exemption from ADA preemption for an implied-in-fact contract.

Ordinarily, the Court would dismiss the Count without prejudice and grant Worldwide leave to amend its complaint to clarify its implied-in-fact claim. However, as the Court finds Count Three to be barred by the statute of limitations, amendment would be futile. See Boyd, 856 F.3d at 864 ("An amendment is considered futile when the claim, as amended, would still be subject to dismissal."). Thus, the Court concludes that Count Three, as pled, is preempted by the ADA, but dismisses the Count with prejudice based on the statute of limitations.

### B. Statute of Limitations

Aetna argues that Worldwide's claim for quantum meruit is barred by the statute of limitations. (Doc. # 28 at 23-24). In its response, Worldwide does not address Aetna's argument. (Doc. # 37). Accordingly, the Court finds that Worldwide has abandoned this claim. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion

indicates such portion, claim or defense is unopposed. Also, when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (citations and internal quotation marks omitted)). Even if Worldwide had opposed this argument, the Court would have agreed with Aetna that the statute of limitations would bar the claim.

Worldwide's quantum meruit claim is "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument." Fla. Stat. § 95.11(3)(j). Therefore, the claim has a four-year statute of limitations. Id. "Florida law prescribes four elements for quantum meruit and unjust enrichment claims." Merle Wood & Associates, Inc. v. Trinity Yachts, LLC, 714 F.3d 1234, 1237 (11th Cir. 2013) (internal quotations and citations omitted). "First, the plaintiff must have conferred a benefit on the defendant." Id. "Second, the defendant must have knowledge of the benefit." Id. "Third, the defendant must have accepted or retained the benefit conferred." Id. "Fourth, the circumstances must be such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." Id. "[I]n quantum meruit the cause of action accrues

17

when the services have been performed." Id. (citing Matthews v. Matthews, 222 So.2d 282, 286 (Fla. 2d DCA 1969)).

In this case, Worldwide provided the ambulance ride on November 28, 2019. (Doc. # 1 at 3); see also Merle Wood, 714 F.3d at 1237 ("Plaintiffs are the masters of their claims. The relevant 'benefit' is the one [the plaintiff] itself claims to have conferred in its complaint."). Therefore, the cause of action for quantum meruit accrued on November 28, 2019. See Maunlad Transportation, Inc. v. Carnival Corp., No. 1:18-cv-24456-KMW, 2019 WL 11505389, at *7 (S.D. Fla. Nov. 25, 2019) ("A cause of action for quantum meruit accrues when a plaintiff confers a benefit on the defendant."), report and recommendation adopted sub nom. Maunland Trans Inc. v. Carnival Corp., No. 1:18-cv-24456-KMW, 2020 WL 7481450 (S.D. Fla. Feb. 6, 2020).

Due to the statute of limitations, Worldwide needed to file its lawsuit by November 28, 2023. Merle Wood, 714 F.3d at 1237. However, Worldwide did not bring this suit until November 21, 2024. (Doc. # 1). Accordingly, the statute of limitations had passed, and Worldwide's quantum meruit claim is barred under Florida law. The Court dismisses Count Three with prejudice, and will not grant leave for Worldwide to amend its complaint because amendment would be futile. See

Boyd, 856 F.3d at 864 ("An amendment is considered futile when the claim, as amended, would still be subject to dismissal.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Aetna Life Insurance Company's Motion to Dismiss Complaint (Doc. # 28) is **GRANTED.**

(2) All claims of the complaint are **DISMISSED** with prejudice.

(3) Plaintiff Worldwide Aircraft Services, Inc.'s Request for Oral Argument (Doc. # 38) is **DENIED.**

(4) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE